UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD L. JEFFERS,

                Plaintiff,                              **Case No. 2:06-cv-369**

                                            **JUDGE GREGORY L. FROST**

        **v.**                                   **Magistrate Judge Terrance P. Kemp**

BOARD OF COMMISSIONERS OF
ATHENS COUNTY, OHIO, et al.,

                Defendants.

<u>**ORDER**</u>

This matter comes before the Court for consideration of a motion for judgment on the pleadings (Doc. # 8) filed by Defendant Board of Trustees of Alexander Township, Athens County, Ohio ("Board of Trustees"), a memorandum in opposition (Doc. # 12) filed by Plaintiff Richard L. Jeffers ("Plaintiff"), and a reply.  (Doc. # 15.)  Also before the Court is a motion to dismiss or alternatively to stay proceedings (Doc. # 13) filed by Defendant Board of Commissioners of Athens County, Ohio ("Board of Commissioners"), a memorandum in opposition (Doc. # 13) filed by Plaintiff, and a reply.  (Doc. # 19.)  Finally, this Court will consider a motion to dismiss (Doc. # 17) filed by Board of Trustees, a memorandum in opposition (Doc. # 21) filed by Plaintiff, and a reply.  (Doc. # 22.)

**A. Background**

Plaintiff is a resident of Athens County, Ohio.   Plaintiff is the owner of over 500 acres of real property located in Alexander Township, Athens County.  At issue are two tracts of Plaintiff's property.  First, Plaintiff owns a tract of land located in Section 17 of Alexander Township consisting of approximately 75 acres ("tract one").  Tract one abuts directly upon Alexander Township Road # 554, which has a common name of "Jeffers Road."  Second,

Plaintiff owns an additional tract of land located in Section 22 of Alexander Township consisting of approximately 24 acres ("tract two"). Tract two abuts directly upon Alexander Township Road # 548 that has a common name of "Red Lane."

Board of Commissioners is a political subdivision of the State of Ohio. It is responsible for county roads within Athens County. The Board of Trustees is also a political subdivision of the State of Ohio and has certain responsibilities associated with township roads.

A petition to vacate both Red Lane and Jeffers Road was filed with the Board of Commissioners in March of 2004. After a public viewing of both Red Lane and Jeffers Road, the Board of Commissioners voted to vacate each of them. Under Ohio Law, the vacation of a public road is considered an "improvement." Ohio Rev. Code § 5553.01. The Board of Commissioners failed to initiate proceedings to determine the amount of compensation, if any, to be awarded to Plaintiff for the cost of the improvement. *See* Ohio Rev. Code §§ 5553.11, 163.01-.22. To this date, the Board has not held a hearing on compensation.

Plaintiff appealed both of the Board of Commissioners' orders to vacate Jeffers Road and Red Lane to the Court of Common Pleas, Athens County, Ohio ("common pleas court") and requested a jury trial on the question of whether the closure of the two roads was "conducive to the public convenience and welfare." *See* Ohio Rev. Code §§ 5553.11, 163.01-.22. While the matter was on appeal, Plaintiff claims that he filed a petition with the Board of Commissioners to widen and improve Jeffers Road and Red Lane on June 29, 2004. Alleging that the Board of Commissioners has refused to act on such petition, Plaintiff filed Case No. 04C1355 on December 7, 2004. Although not containing the word "mandamus", Plaintiff's pleading seeks to compel the Board of Commissioners to meet its statutory obligations pursuant to O.R.C. §

2

5553.04.  The common pleas court denied the Board of Commissioners' motion to dismiss. (Doc. # 2 ¶ 27; Doc. # 8-4.)  This case has been stayed.  (Doc. # 13; Doc. # 16.)  With respect to Red Lane, Plaintiff first appeal was successful.  Subsequently, the Board of Trustees filed a second petition to vacate.  After holding a public viewing, the Board of Commissioners voted to vacate Red Lane.  The Plaintiff again appealed the Board of Commissioners' decision to vacate Red Lane with the common pleas court under case number 04C1282.

Both the Jeffers Road appeal (Case No. 04C1324) and the second Red Lane appeal (04C1282) referenced by Plaintiff in the Complaint (Doc. # 2 ¶¶ 27, 38) are still pending.  On January 12, 2005, Judge L. Alan Goldsberry ordered that two appeals be consolidated.

In addition, Plaintiff filed a "Verified Petition for Writ of Mandamus to Compel Board of County Commissioners of Athens, County Ohio to Follow Procedures outlined in O.R.C. § 5553.09, 163.01 et. Seq."  (Doc. # 8-6); *see* (Doc. # 2-41.)  In Plaintiff's Mandamus action, Plaintiff requests that the Board of Commissioners have a hearing on compensation. (Case no. 06CI190).

Thereafter, in an August 8, 2006 Decision and Judgment, Judge Goldsberry held that the Board of Commissioners neglected its duties when it failed to make an inquiry into the compensation and damages to be awarded to Plaintiff for the vacation of his lands as required by Ohio Rev. Code §§ 5553.11 and 5563.02.[1]  Given this "substantial irregularity" Judge Goldsberry opted to stay these two consolidated cases pending the outcome of Plaintiff's

---

[1]  Plaintiff's Complaint (Doc. # 2) alleges that the petition to vacate Red Lane was invalid because of a lack of proper signatures.  Judge Goldsberry declined to vacate the Board of Commissioners' orders based on any lack or flaw regarding signatures on the original petitions because the lack of signatures does not affect the Board of Commissioners authority to vacate land.  (Doc. # 8-7.)  *See* Ohio Rev. Code § 5553.04 (allowing the Board of Commissioners to vacate township roads based on a signed petition or on *their own motion*).

mandamus action (Case no. 06CI190).

Judge Goldsberry has indicated by court order that if Plaintiff succeeds in his mandamus action and receives his desired compensation, then it may be necessary to dismiss the pending appeals without prejudice.  (Doc. # 8-7.)  However, if the Board of Commissioners renders a decision from which Plaintiff is dissatisfied, then Judge Goldsberry may address the compensation issue by means of a jury trial in the mandamus action pending before him[2].  (Doc. # 8-7.)

Thus, currently, there are two appeals pending before the common pleas court (Case Nos. 04C1324 and O4C1282), a pending mandamus action (Case No. 06CI190), and a pending pro se action aforementioned (Case No. 04C1355).

On May 17, 2006 Plaintiff filed a Complaint (Doc. # 2) with this Court against the Board of Commissioners and the Board of Trustees asserting several claims directly related or ancillary to the vacating of Red Lane and Jeffers Road.  The claims include allegations of property takings without just compensation, denial of procedural and substantive due process, deprivation of constitutional rights as they relate to vacation process and appeal proceedings, First Amendment violations, "Del Monte Dues Claims," and a violation of equal protection.

**B. Standard of Review**

Defendant Board of Trustees moves for judgment on the pleadings (Doc. # 8) pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff,

---

[2]      This Court notes that Defendant Board of Trustees incorrectly states that Judge Goldsberry dismissed Plaintiff's mandamus action.  (Doc. # 17 at 3.)

accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400. Plaintiff argues that Defendant Board of Trustees' motion should be viewed as a motion for summary judgment because Defendant Board of Trustees has attached "multiple exhibits that are outside the complaint and the answer" including the copies of the two appeals pending before the common pleas court (Case Nos. 04C1324 and O4C1282), the mandamus action (Case No. 06CI190), and the pending pro se action (Case No. 04C1355). (Doc. # 12.) The Court rejects Plaintiff's argument. This Court finds that the attachments should be considered part of the pleadings and part of Defendant's motion challenging the legal sufficiency of the complaint because Plaintiff references these same attachments in the Complaint.[3] *See e.g., Nat'l Assoc of Minority Contractors, Dayton Chapter v. Martinez,* 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002.)

## C. Discussion

Both the Board of Trustees in its motion for judgment on the pleadings (Doc. # 8) and the Board of Commissioners in its motion to dismiss or alternatively stay the proceedings (Doc. # 13) object to Plaintiff's complaint based on *Younger* abstention. For the reasons that follow, this Court grants both motions and thereby dismisses each action pursuant to *Younger* abstention.

---

[3]     In his Complaint, Plaintiff references the two pending appeals in (Doc. # 2 ¶¶ 27, 38) and his mandamus action in (Doc. # 2 ¶ 26, 41) (stating "Despite demand, the Board of Commissioners of Athens County, Ohio has not initiated proceedings for compensation pursuant to Ohio Revised Code Sections 5553.11, 163.01- 163.22); see (Doc. 8-6). Also, Plaintiff refers to the basis of his pending pro se action (Case No. 04C1355) in (Doc. # 2 ¶ 27).

In *Younger v. Harris*, the Supreme Court held that absent extraordinary circumstances a federal court should defer to the state proceedings and abstain from hearing an action to enjoin state officials from instituting criminal actions.  401 U.S. 37 (1971).  Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court over the years has extended its doctrine to civil enforcement actions.  *See, e.g.*, *Thrower v. Jividen*, 232 F. Supp. 2d 793 (N.D. Ohio 2002); *Trainor v. Hernandez*, 431 U.S. 434 (1977).  Thus, the *Younger* line of cases requires federal courts to abstain from hearing an action where the exercise of federal jurisdiction would interfere with a pending criminal or civil enforcement action in state court. *See, e.g., Thrower*, 232 F. Supp. 2d at 796.  The Sixth Circuit Court of Appeals has explained that there are "[t]hree requirements ... for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."  *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  The Court finds that each requirement for invocation of the doctrine exists here.

Here, Plaintiff is involved in on-going state judicial proceedings, and therefore satisfies the first prong of *Younger*.  Undoubtedly, Plaintiff is a party to a pending mandamus action (Case No. 06CI190) in the common pleas court against the same Defendants involved in this action.  Thus, based on the pending mandamus action alone, Plaintiff fulfills the first *Younger* requirement.  Also, Plaintiff is involved in three cases that are currently stayed.  First, Judge Goldsberry opted to stay Case Nos. 04C1324 and O4C1282 pending the outcome of Plaintiff's

mandamus action (Case no. 06CI190) and to stay Case No. 04C1355 pending resolution of Case

Nos. 04C1324 and 04C1282.  Plaintiff argues that when a state court proceeding has been

stayed, it does not constitute a "on-going" judicial proceeding for purposes of *Younger*

abstention.  On the facts of this case, this Court rejects Plaintiff's argument.

This Court recognizes that under certain instances when a state court proceeding has been

stayed *Younger* abstention may be inappropriate.  For instance, when a state court stays its own

proceedings in favor of federal resolution of the issues, *Younger* is inapplicable.  *See Walnut*

*Props., Inc. v. City of Whittier*, 861 F.2d 1102, 1107 (holding that the *Younger* doctrine is

propelled by concerns of federalism and comity which are not present where a state court has

stayed its own proceedings pending resolution of the case in a federal forum).  Conversely, here,

*Younger* abstention is appropriate.  In this case, the common pleas court stayed three state court

proceedings pending the resolution of other state proceedings.  Thus, on these facts, concerns of

federalism and comity dictate that this Court abstain from exercising jurisdiction.  This Court

concludes, therefore, that the three stayed cases also constitute "on-going" state judicial

proceedings for purposes of *Younger* abstention.

With respect to the second prong, the four pending state court proceedings implicate

important state interests.  Here, the County of Athens and the Township of Alexander have a

compelling interest in exercising their authority to regulate land within their boundaries.  *Hess v.*

*Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 44 (1994) ("[R]egulation of land use [is] a

function traditionally performed by local governments.") (quoting *Lake Country Estates Inc. v.*

*Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979); *see also Solid Waste Agency of*

*Northern Cook County* v. *United States Army Corps of Engineers*, 531 U.S. 159, 174 (2001).

7

Moreover, Ohio Revised Code § 5553.04 explicitly vests in local governments the ability to "vacate" public roads where the Board of Commissioners concludes that it would be "for public convenience and welfare." All of Plaintiff's on-going state proceedings aforementioned address issues surrounding the Board of Commissioners and Board of Trustees authority to vacate certain public roads pursuant to the powers delegated to them by the statutory scheme. *See* Ohio Rev. Code  § 5553.04.  Thus, the second prong of *Younger* has been satisfied.

Finally, Plaintiff has an adequate opportunity to raise his constitutional challenges in at least one if not all of his pending state court proceedings.  The burden is on Plaintiff to demonstrate that " 'state procedural law barred presentation of [his] claims.' "  *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)). Here, Plaintiff has failed to meet his burden.

There is also no factual basis for concluding that Plaintiff does not have an adequate opportunity to raise constitutional challenges as part of the ongoing state proceedings.  *See Wong-Opasi v. Haynes*, 8 Fed. Appx. 340, 343 (6th Cir. 2001) (stating "[w]hen a litigant has not attempted to present [his] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).  This is therefore not an instance in which "'state law clearly bars the interposition of constitutional claims.' "  *Middlesex County Ethics Comm'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

Rather, Plaintiff has pending a mandamus action (Case No. 06CI190) before the common pleas court that requests the trial court to order the Board of Commissioners to follow Ohio statutory and constitutional mandates regarding compensation and damages.  If Plaintiff remains

dissatisfied with the Board of Commissioners' decision regarding compensation/damages, Plaintiff has the opportunity to use his mandamus action as a vehicle to raise his constitutional claims.

The Court also concludes that Plaintiff has failed to demonstrate that the exercise of jurisdiction is appropriate by pointing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Consequently, Plaintiff fails to provide a basis for precluding application of the *Younger* doctrine in this case.

### D. Conclusion

Thus for the reasons aforementioned, this Court **GRANTS** Defendant Board of Trustees motion for judgment on the pleadings (Doc. # 8) and **GRANTS** Defendant Board of Commissioners motion to dismiss and/or stay proceedings. (Doc. # 13) Therefore, this opinion renders **MOOT** Defendant Board of Trustees motion to dismiss. (Doc. # 17.) The clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**